IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PB BRANDS, LLC,,                        *

    Plaintiff,                         *

vs.                                    *

                                   CASE NO. 4:23-CV-163 (CDL)

PATEL SISTER, LLC, RAJANKUMAR         *
PATEL, and KARISHMA PATEL,
                                       *
    Defendants.
                                       *
_____
                                       *

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment. As discussed below, the motion (ECF No. 8) is granted.

DEFENDANTS' DEFAULT

Plaintiff brought this action against Patel Sister LLC, Rajankumar Patel, and Karishma Patel. Plaintiff presented evidence that its process server served the Summons and Complaint on (1) Rajankumar Patel, as an agent designated by law to accept service of process on behalf of Patel Sister, LLC, at 4522 Mountain Ivy Drive, Columbus, Georgia 31808, (2) Rajankumar Patel personally at the same address, and (3) Karishma Patel by leaving the summons and complaint at her residence (4522 Mountain Ivy Drive) with Rajankumar Patel, a person of suitable age and discretion who also lives there. Proof of Service, ECF Nos. 6-1, 6-2, 6-3.

Based on the present record, the Court is satisfied that Plaintiff adequately served all three Defendants.  None of the Defendants answered or otherwise responded to the complaint, and the Clerk granted Plaintiff's application for entry of default. Plaintiff then filed its motion for default judgment.  Defendants did not move to set aside the default or respond to the motion for default judgment.  The Court may enter a default judgment under Federal Rule of Civil Procedure 55(b) if Plaintiff's well-pleaded factual allegations state a claim for relief.

FACTUAL BACKGROUND

By their default, Defendants admitted the factual allegations in Plaintiff's complaint. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admitted allegations include:

♦ Plaintiff owns multiple trademarks and service marks for retail and wholesale grocery services and food products, including the PATEL BROTHERS marks.

♦ Plaintiff and its predecessor-in-interest to Plaintiff's marks have made exclusive and continuous use of the PATEL BROTHERS marks since 1974 in connection with the operation of grocery stores and the sale of food products, particularly South Asian grocery stores.

♦ Plaintiff owns U.S. Trademark Reg. No. 1,874,341 for the mark "PATEL BROTHERS" for retail and wholesale grocery store

services; the trademark was issued in 1995 and has become incontestable.

♦ Plaintiff also owns U.S. Trademark Reg. No. 1,647,559 for the mark "PATEL BROTHERS" for rice, spices, processed herbs, and cereal grains; the trademark was issued in 1991 and has become incontestable.

♦ There are three Patel Brothers grocery stores in Georgia, and Plaintiff and its licensees advertise nationally to promote Patel Brothers retail locations; such advertisements feature the Patel Brothers mark.

♦ Plaintiff's marks are distinctive indicators of Plaintiff's South Asian grocery products and stores; they are famous trademarks.

♦ Defendants operate a retail grocery store in Columbus, Georgia. It is called "Patel Sisters," and it sells South Asian groceries.

♦ Defendants' store name and signage are an imitation of the "PATEL BROTHERS" marks. The signage on Defendants' store uses the same color and a virtually identical font to the signage and advertising materials for Plaintiff's "PATEL BROTHERS" stores and goods. The name and signage for Defendants' store is confusingly similar to Plaintiff's marks and creates a likelihood of confusion, mistake, or deception as to the source of Defendants' goods and services.

♦ Plaintiff never authorized Defendants to use its "PATEL BROTHERS" marks or to adopt a name and signage for their South Asian grocery store that mimics the name and signage used by Plaintiff's licensees of the "PATEL BROTHERS" marks.

♦ Plaintiff notified Defendants of their claim of infringement, and Defendants did not respond or discontinue the use of the name "Patel Sisters" on their store.

♦ Defendants applied to register the mark "Patel Sisters," but Plaintiffs discovered that the lawyer named as Defendants' counsel before the USPTO did not represent Defendants and that the lawyer planned to report the "Patel Sisters" application as fraudulent.

DISCUSSION

Plaintiff contends that Defendants committed trademark infringement because the name and signage on their store are confusingly similar to Plaintiff's marks and create a likelihood of confusion.  Plaintiff also alleges that the name and signage on Defendants' store constitutes unfair competition because it creates a false impression that Defendants' store is associated with Plaintiff and Plaintiff's licensees that operate under the "PATEL BROTHERS" marks.  And Plaintiff asserts that Defendants' store name and signage amount to a deceptive trade practice under Georgia law because they threaten to cause a likelihood of confusion as to the source, sponsorship, approval, or certification of Defendants' retail goods and services among Plaintiff's licensees, customers, and potential customers.

The Lanham Act prohibits trademark infringement, which means that a person may not use a reproduction, copy, or colorable imitation of a registered mark in connection with the sale, distribution, and advertising of goods or services if that use is likely to cause confusion, to cause mistake, or to deceive. 15 U.S.C. § 1114(1)(a).  The Lanham Act also prohibits a person from using a name or symbol in commerce if that use is likely to cause confusion or deceive as to the origin of goods or services or as to the affiliation or association of the person with another person (or company).  15 U.S.C. § 1125(a)(1).  And the Georgia

4

Deceptive Trade Practices Act prohibits causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.  O.C.G.A. § 10-1-372(2).  To prove federal trademark infringement, federal unfair competition, or Georgia unfair competition, a plaintiff must show that it had trademark rights to the mark or name at issue and that the defendant adopted a mark or name that was confusingly similar to its mark such that consumers were likely to confuse the two.

Plaintiff's factual allegations, which Defendants admitted by virtue of their default, establish that Plaintiff owns the "PATEL BROTHERS" marks, that Defendants adopted a store name and signage that imitated Plaintiff's marks, and that Defendants' usage of the confusingly similar name and signage and creates a likelihood of confusion, mistake, or deception as to the source of Defendants' goods and services.[1]  Accordingly, the Court finds that Plaintiff is entitled to a judgment against Defendants on Counts I (federal trademark infringement), II (federal unfair competition), and III (Georgia deceptive trade practices) and that Plaintiff is entitled to the injunction it seeks.  In addition, Plaintiff's factual allegations, which Defendants admitted by virtue of their default, establish Defendants' conduct has been knowingly deceptive such

---

[1] The Court emphasizes that it is not making a de novo determination that "Patel Brothers" is substantially similar to or easily confused with "Patel Sisters."  However, the Court must accept Plaintiff's factual allegations regarding substantial similarity and confusion as true given Defendants' default.

that an award of attorney's fees is authorized under 15 U.S.C.
§ 1117(a).

PERMANENT INJUNCTION

Defendants Patel Sister, LLC d/b/a Patel Sisters, Rajankumar
Patel, and Karishma Patel, their officers, agents, servants,
employees, and attorneys, and other persons who are in active
concert or participation with them, who receive actual notice
hereof by personal service or otherwise are hereby permanently
ENJOINED and RESTRAINED from:

1. Infringing plaintiff's registered trademark PATEL BROTHERS
   (U.S. Trademark Reg. No. 1,874,341) by conducting business
   under the name "Patel Sister," "Patel Sisters," any mere
   colorable variation thereof, or any other name that is
   confusingly similar to "Patel Brothers;"

2. Using the name "Patel Sister," "Patel Sisters," or any mere
   colorable variation thereof in the conduct of business; and

3. Attempting to register as a federal or state trademark the
   terms "Patel Sister," "Patel Sisters," or any mere colorable
   variation thereof.

Defendants Patel Sister, LLC d/b/a Patel Sisters, Rajankumar
Patel, and Karishma Patel, their officers, agents, servants,
employees, and attorneys, and other persons who are in active
concert or participation with them, who receive actual notice
hereof by personal service or otherwise, are further permanently
ENJOINED as follows:

1. Within twenty-eight (28) days of service of this Order,
   defendants shall remove the sign bearing the name "Patel
   Sisters" from any store which they own or operate;

6

2. Within twenty-eight (28) days of service of this Order, defendants shall turn over to plaintiff  or plaintiff's designee or destroy all materials in their possession, custody, or control bearing the name "Patel Sister," "Patel Sisters," any mere colorable variation thereof, or any other name that is confusingly similar to "Patel Brothers;"

3. Within twenty-eight (28) days of service of this Order, defendant Patel Sister, LLC d/b/a Patel Sisters shall change its entity name so that it no longer contains the name "Patel Sister," "Patel Sisters," any mere colorable variation thereof, or any other name that is confusingly similar to "Patel Brothers;" and

4. Within twenty-eight (28) days of service of this Order, defendant Patel Sister, LLC d/b/a Patel Sisters shall permanently abandon its application with the United States Patent and Trademark Office to register the mark "PATEL SISTERS" (serial no. 97860364).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (ECF No. 8) is granted.  Plaintiff shall file its motion for attorney's fees within twenty-eight days.  Upon resolution of the attorney's fees and costs issue, the Court will enter final judgment in favor of Plaintiff and against Defendants.

The Clerk shall serve this Order on each Defendant by mail:

1. Patel Sister, LLC d/b/a Patel Sisters, 4522 Mountain Ivy Drive, Columbus, GA 31808

2. Karishma Patel, 4522 Mountain Ivy Drive, Columbus, GA 31808

3. Rajankumar Patel 4522 Mountain Ivy Drive Columbus, GA 31808

IT IS SO ORDERED, this 12th day of December, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA