```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

PB BRANDS, LLC,                       *

    Plaintiff,                        *

vs.                                   *
                                   CASE NO. 4:23-CV-163 (CDL)
PATEL SISTER, LLC, RAJANKUMAR        *
PATEL, and KARISHMA PATEL,
                                  *

    Defendants.
                                  *

O R D E R

The Court previously granted Plaintiff's motion for default judgment, concluding that the admitted allegations of fact establish that Defendants committed trademark infringement, engaged in unfair competition, and engaged in deceptive trade practices. Order (Dec. 12, 2023), ECF No. 9. The Court further found that Defendants' conduct was knowingly deceptive and that reasonable attorney's fees are recoverable under 15 U.S.C. § 1117(a). Presently pending before the Court is Plaintiff's motion for attorney's fees (ECF No. 10), which is granted to the extent set forth below.

Plaintiff argues that its attorney's fees are reasonable under the lodestar method. The lodestar "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350

(11th Cir. 2008) (per curiam)). There is "a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Id.* (quoting *Bivins*, 548 F.3d at 1350).[1] "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Here, Plaintiff seeks to recover $16,307.55 in attorney's fees, which represents 3.6 hours of work by a lawyer with more than thirty years of experience, 2.9 hours of work by a lawyer with more than twenty years of experience, and 32.5 hours of work by a lawyer who was admitted to practice law in 2022. The Court reviewed the billing records and finds that this time was reasonably expended.

The other component of the lodestar is the reasonable hourly rate. Plaintiffs employed two New York lawyers: Charles Weiss, a partner with a billing rate of $1,098.00 per hour and Rich Gilliland, an associate with a billing rate of $342.00 per hour.[2]

---

[1] In determining whether the lodestar is reasonable, the district courts are to consider twelve factors: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Bivins*, 548 F.3d at 1350 n.2.

[2] This rate takes into account the ten percent discount counsel gave to Plaintiff.

They also employed one experienced Atlanta lawyer, Matthew Covell, with a billing rate of $427.50 per hour. Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. Here, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is" Columbus, Georgia because that is where the case was filed. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). Plaintiff, however, contends that it should recover at New York and Atlanta rates. The Court understands that what a lawyer charges his paying clients "is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.' " *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (per curiam) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court also understands that Plaintiff decided to hire New York and Atlanta lawyers to work on this matter and that it paid the New York and Atlanta rates reflected in the invoices.

Still, under the lodestar method for calculating a reasonable fee, which Plaintiff asked the Court to apply, a reasonable rate is one that is in line with the market rate, which "means the hourly rate charged in the local legal market by someone with expertise in the area who is willing and able to take the case, if such an attorney exists." *Barnes*, 168 F.3d at 437. "If a fee

3

applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id.* (concluding that the district court "clearly erred in awarding non-local rates without finding that the plaintiffs had carried their burden of showing there were no attorneys" in the relevant market who could handle their claims).

Plaintiff did not submit any evidence that there were no attorneys who were willing and able to handle its claims at Columbus-area rates. Plaintiff did employ an Atlanta attorney with an hourly rate of $427.50, which is in line with the hourly rate the Court recently approved in a similar case, so the Court finds that this hourly is reasonable for Covell. *See Jordan Outdoor Enterprises, Ltd. v. J&M Concepts, LLC*, No. 4:18-CV-126 (CDL), 2021 WL 682068, at *9 & n.8 (M.D. Ga. Feb. 22, 2021) (approving hourly rate of $435 for a law partner in an intellectual property contract dispute case). The Court is not convinced that the New York rates are reasonable for the Columbus Division, particularly given that Plaintiff was able to retain an Atlanta lawyer who charged a rate that is in line with the prevailing Columbus rate for similar work. Accordingly, the Court approves an hourly rate of $500 for Weiss and an hourly rate of $215 for Gilliland. *See Jordan Outdoor*, 2021 WL 682068, at *10 (approving

4

$435 as a reasonable hourly rate for a lawyer with thirteen years of experience and $215 as a reasonable hourly rate for a lawyer with one year of experience).

Based on the foregoing considerations, the lodestar amounts to $10,027.25.  The Court finds that this amount represents the reasonable attorney's fees for the three lawyers' work on this matter, and the Court thus awards Plaintiff attorney's fees of $10,027.25.  The Clerk shall enter final judgment in favor of Plaintiff and against Defendants based on the previously issued injunction (ECF No. 9) and this order.

The Clerk shall serve this Order and the final judgment on each Defendant by mail:

1. Patel Sister, LLC d/b/a Patel Sisters, 4522 Mountain Ivy Drive, Columbus, GA 31808

2. Karishma Patel, 4522 Mountain Ivy Drive, Columbus, GA 31808

3. Rajankumar Patel 4522 Mountain Ivy Drive Columbus, GA 31808

IT IS SO ORDERED, this 10th day of January, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA