IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PB BRANDS LLC,                          *

        Plaintiff,                      *

vs.                                     *
                                                CASE NO. 4:23-cv-163 (CDL)
PATEL SISTER LLC, *et al.*,             *

        Defendants.                     *

_____

O R D E R

This is a trademark action.  The Court previously granted Plaintiff's motion for default judgment against Defendants, concluding that Plaintiff owns certain "PATEL BROTHERS" marks, that Defendants adopted a store name and signage that imitated Plaintiff's marks, and that Defendants' usage of the confusingly similar name and signage creates a likelihood of confusion, mistake, or deception as to the source of Defendants' goods and services. *PB Brands, LLC v. Patel Sister, LLC*, No. 4:23-CV-163 (CDL), 2023 WL 8599707, at *2 (M.D. Ga. Dec. 12, 2023).  The Court issued a permanent injunction ordering Defendants to take the following actions within twenty-eight days of the injunction order: (1) remove the sign bearing the name "Patel Sisters" from their store, (2) turn over to Plaintiff or destroy materials with the name "Patel Sisters" (or any colorable variation), (3) change the entity name "Patel Sister LLC" so that it no longer contained the name "Patel Sister," "Patel Sisters," a colorable variation of those names, or

another name that is confusingly similar to "Patel Brothers," and (4) permanently abandon a trademark application for the "PATEL SISTERS" mark. *Id.* at *3. The Court also concluded that Defendants' conduct warranted an award of attorney's fees and awarded Plaintiff attorney's fees of $10,027.25, plus interest. *Id.* at *2; *PB Brands, LLC v. Patel Sister, LLC*, No. 4:23-CV-163 (CDL), 2024 WL 117150, at *2 (M.D. Ga. Jan. 10, 2024). Final judgment was entered against Defendants. The Court instructed the clerk's office to mail a copy of its orders to each of the Defendants. In addition, Plaintiff had a process server hand deliver a copy of the Court's order and permanent injunction to Defendants' business. Sperry Decl. ¶ 3 (Nov. 25, 2024), ECF No. 18-1. The Court later issued writs of execution. Writs of Execution, ECF Nos. 14 & 15.

Plaintiff does not contend that Defendants failed to remove the "Patel Sisters" sign from their store or that they continue to use materials bearing the name "Patel Sisters." Plaintiff does assert that Defendants did not pay any of the Court-ordered fees, change the business entity name from "Patel Sister LLC," or abandon their pending trademark application. *Id.* ¶¶ 5-9. Instead, Defendants renewed their annual business registration with the name "Patel Sister LLC" and received their occupation tax license with the name "Patel Sisters." *Id.* ¶¶ 10-11 & Exs. 3 & 4. Defendants also did not respond to any of Plaintiff's post-judgment discovery

requests, which sought information about any assets Defendants have that could be used to satisfy the judgment. Sperry Decl. ¶¶ 4-6 (Oct. 29, 2024), ECF No. 16-2. When Plaintiff's counsel tried to contact Defendants about the discovery requests at their business phone number, someone answered the phone, stating "Dev Indian Grocery," but hung up the phone when counsel explained the purpose of the call. *Id.* ¶¶ 7-13. Counsel also emailed Defendants about the discovery requests at four email addresses associated with Defendants, but no one responded. *Id.* ¶¶ 14-21.

Presently pending before the Court are three motions: 1) Plaintiff's motion to compel Defendants' responses to Plaintiff's discovery requests, 2) Plaintiff's motion for a charging order, and 3) Plaintiff's motion to enforce the Court's orders and judgment. Defendants did not respond to any of the motions. As discussed below, the Court grants the motion to compel (ECF No. 16), grants the motion for a charging order (ECF No. 17), and orders Defendants to show cause in writing by 5:00 P.M. on March 24, 2025 why they should not be held in civil contempt as requested in Plaintiff's motion to enforce the Court's orders and judgment (ECF No. 18).

DISCUSSION

## I.  Plaintiff's Motion to Compel (ECF No. 16)

Plaintiff served post-judgment interrogatories and requests for production on Defendants on August 22, 2024. Sperry Decl. ¶ 4 (Oct. 29, 2024), ECF No. 16-2. In those requests, Plaintiff seeks

information about Defendants' assets that could be used to satisfy the judgment against Defendants.  Defendants did not respond to any of the post-discovery requests.  *Id.* ¶ 5.  Plaintiff's counsel tried to follow up with Defendants by telephone and email, but no one responded to the emails and the person who answered the telephone calls hung up without saying anything.  *Id.* ¶¶ 8-21.  Defendants have still not responded to the post-judgment discovery requests.  *Id.* ¶ 22.

A judgment creditor like Plaintiff may obtain post-judgment discovery in "aid of the judgment or execution."  Fed. R. Civ. P. 69(a)(2).  Such discovery may be obtained as provided in the Federal Rules of Civil Procedure.  *Id.*  Interrogatories are permitted under Rule 33, and requests for production are permitted under Rule 34. Defendants did not respond or object to Plaintiff's post-judgment discovery requests.

Under Federal Rule of Civil Procedure 37, a party seeking discovery may move for an order compelling an answer to interrogatories if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . or fails to permit inspection . . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(A).  Here, Defendants did not respond or object to Plaintiff's post-judgment interrogatories or requests for production, and they offered no reason why.  Accordingly, the Court finds that Plaintiff's motion to compel (ECF No. 16) should

be GRANTED.  Each Defendant shall respond to Plaintiff's post-judgment discovery requests by 5:00 P.M. on March 24, 2025.

If a motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  By 5:00 P.M. on March 24, 2025, Defendants shall show cause why they should not be required to pay Plaintiff's reasonable expenses incurred in making the motion to compel, and Plaintiff shall file with the Court, as a reply to its motion to compel, the amount it claims as reasonable expenses in making the motion compel.

## II.  Plaintiff's Motion for Charging Order (ECF No. 17)

The clerk entered judgment in favor of Plaintiff and against Defendants in the amount of $10,027.25, plus interest from the date of judgment at a rate of 4.83% per annum. J., ECF No. 12.  That judgment has not been satisfied. Sperry Decl. ¶ 8 (Oct. 29, 2024), ECF No. 16-2.  Plaintiff contends that Defendants Rajankumar Patel and Karishma Patel are members of Patel Sister LLC.  Plaintiff, as the judgment creditor, now seeks a charging order against the interests of the Patels in Patel Sister LLC.

Under Federal Rule of Civil Procedure 69(a)(1), the procedure on execution of a judgment "must accord with the procedure of the state where the court is located," which in this case is Georgia.

Georgia's Limited Liability Company Act provides that upon "application to a court of competent jurisdiction by any judgment creditor of a member [of a limited liability company], the court may charge the limited liability company interest of the member . . . with payment of the unsatisfied amount of the judgment with interest." O.C.G.A. § 14-11-504(a). A charging order against an LLC member grants the judgment creditor "only the rights of an assignee of the limited liability company interest." *Id.* "Limited liability company interest" "means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions. O.C.G.A. § 14-11-101(13). So, a "charging order remedy entitles the creditor to receive the distributions of the limited liability company, which the member 'would otherwise have been entitled to receive, up to the unsatisfied amount of the judgment debt.'" *Gaslowitz v. Stabilis Fund I, LP*, 770 S.E.2d 245, 248 (Ga. Ct. App. 2015) (quoting *Nigri v. Lotz,* 453 S.E.2d 780 (Ga. Ct. App. 1995); *accord* O.C.G.A. § 14-11-502(2) ("An assignment [of interest in a limited liability company] entitles the assignee to share in the profits and losses and to receive the distributions to which the assignor was entitled, to the extent assigned[.]")

Defendants did not oppose or otherwise respond to the motion for a charging order. Based on the present record, the Court finds that the unpaid judgment against both the Patels and Patel Sister LLC is $10,027.25, plus interest from the date of judgment at a

rate of 4.83% per annum.  Plaintiff submitted evidence establishing that Rajankumar Patel and Karishma Patel were the organizers of Patel Sister LLC.  Pl.'s Mot. For Charging Order Ex. 1, Articles of Organization (Jan. 6, 2023), ECF No. 17-2.  While "[a]n organizer need not be a member of the limited liability company at the time of formation or thereafter," O.C.G.A. § 14-11-203(b), the Court finds based on the Patels' undisputed status as organizers, combined with their failure to contest that they are members of Patel Sister LLC, that Rajankumar Patel and Karishma Patel are members of Patel Sister LLC for purposes of the present motion seeking a charging order.  Accordingly, the motion for a charging order (ECF No. 17) is granted.

Judgment-Debtors Rajankumar Patel's and Karishma Patel's interests in Patel Sister, LLC are charged with payment of the unsatisfied amount of the judgment for Plaintiff.  Patel Sister LLC is ordered to deliver to Plaintiff and Judgment-Creditor PB Brand LLC all future distributions, draws, returns of equity, loan repayments, and all other payment obligations owed to Rajankumar and Karishma Patel by virtue of their interests in Patel Sister LLC.  Those deliveries will continue until the judgment against Defendants and Judgment-Debtors is fully satisfied.

The Judgment-Debtors, their agents, employees, attorneys, or any other person in concert with the Judgment-Debtors are restrained and enjoined from alienating, encumbering, assigning, transferring,

pledging, hypothecating, otherwise impairing, or failing to hold and protect Judgment-Debtors' membership interests in Patel Sister, LLC until the judgment has been fully satisfied.

## III. Plaintiff's Motion to Enforce the Court's Orders and Judgment (ECF No. 18)

As discussed above, Defendants have not satisfied two elements of the injunction order. Plaintiff contends that the Court should (1) hold Defendants in civil contempt, (2) order Defendants to comply with the permanent injunction by changing the LLC's entity name and abandoning attempts to trademark "Patel Sister," and (3) order Defendants to pay Plaintiff a daily civil contempt fine (progressing from $100 per day to $500 per day), disgorge all profits "during the period of infringement," and pay Plaintiff's attorney's fees and costs of $2,992.50 incurred to enforce the judgment. Pl.'s Br. in Supp. Mot. Enforce J. 2, ECF No. 19. The present record does not contain any evidence of the profits Defendants made "during the period of infringement."

Under Federal Rule of Civil Procedure 70(a), if a judgment requires a party to perform a specific act and the party fails to comply, the Court may "hold the disobedient party in contempt."[1] "In a civil contempt proceeding, the petitioning party bears the burden of establishing by 'clear and convincing' proof that the

---

[1] A money judgment like the judgment for attorney's fees, on the other hand, "is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1).

underlying order was violated." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019) (quoting *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). "After the moving party makes this prima facie showing, 'the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond a mere assertion of inability.'" *Id.* (quoting *Howard Johnson*, 892 F.2d at 1516).

Defendants shall show cause in writing by 5:00 P.M. on March 24, 2025 why they should not be held in civil contempt as requested in Plaintiff's motion to enforce the Court's orders and judgment (ECF No. 18).

CONCLUSION

As discussed above, the Court:

1) grants Plaintiff's motion to compel (ECF No. 16); Defendants shall respond to Plaintiff's post-judgment discovery requests and show cause why they should not have to pay Plaintiff's expenses for bringing the motion to compel by 5:00 P.M. on March 24, 2025;

2) grants Plaintiff's motion for a charging order (ECF No. 17), and Defendants shall deliver to Plaintiff/Judgment-Creditor PB Brand LLC all future distributions, draws, returns of equity, loan repayments, and all other payment obligations owed to Rajankumar and Karishma Patel by virtue of their interests in Patel Sister LLC until the

9

judgment against Defendants and Judgment-Debtors is fully satisfied;

3) defers ruling on Plaintiff's motion to enforce the Court's orders and judgment (ECF No. 18) but orders Defendants to show cause in writing by 5:00 P.M. on March 24, 2025 why they should not be held in civil contempt as requested in Plaintiff's motion to enforce the Court's orders and judgment (ECF No. 18).

The Clerk shall serve this Order on each Defendant by mail:

1) Patel Sister, LLC d/b/a Patel Sisters 4522 Mountain Ivy Drive, Columbus, GA 31808

2) Karishma Patel 4522 Mountain Ivy Drive, Columbus, GA 31808

3) Rajankumar Patel 4522 Mountain Ivy Drive, Columbus, GA 31808

IT IS SO ORDERED, this 28th day of February, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA